## The Amsterdam.[1]

*(District Court, S. D. New York.   February 13, 1885.)*

1. LIMITATION OF LIABILITY—INJUNCTION.
    In proceedings to limit the liability of a vessel, an injunction may issue to restrain the prosecution of suits in a state court.
2. SAME—PERSONAL INJURY.
    Claims for damages for personal injuries arising out of the stranding of a vessel are within the provisions of the statute limiting liability.

In Admiralty.
*Curzman & Yeaman*, for the motion.
*J. Joachimsen*, for the Amsterdam.

BROWN, J.   The steamer Amsterdam having been lost by stranding, and proceedings being thereupon taken in this court by her owners to limit their liability upon payment into court of the appraised value of the vessel and her pending freight, an injunction was issued in accordance with the provisions of rule 54, restraining the prosecution of suits in the state courts.   Several suitors, claiming damages for personal injuries arising more or less directly out of the stranding, have asked that the injunction be dissolved on the grounds that there is no statutory authority for the injunction itself; and, *secondly*, because claims for such personal damages are not within the statute.   Rule 54 expressly declares that the owners, on complying with the statute, shall be entitled to an injunction order.   It is not for this court to overrule the interpretation of the statute put upon it by the supreme court, or the practice they have sanctioned.   This rule will not cut off sufficient opportunity to present every legal demand.   The causes of action are purely maritime.   This court, as a court of admiralty, is at least as appropriate as any other for the hearing of all questions arising in such cases; and every point that can be litigated anywhere can be presented and determined here.

The other question, as to whether personal injuries are within the provisions of the statute limiting liability, was carefully considered by BENEDICT, J., in the case of *The Epsilon*, 6 Ben. 381, and afterwards by CHOATE, J., in this court, in the case of the Seawahnaka, *(In re Long Island, etc., Transp. Co.* 5 FED. REP. 599, 624;) and in both cases it was held, upon full consideration, that such actions are within the provisions of the act.   The reasons for the conclusions there given commend themselves to my judgment, and this application must, therefore, be denied.

[1] Reported by R. D. & Edward Benedict, Esqs., of the New York bar.