## In re Goodrich Transp. Co.

*(District Court, E. D. Wisconsin.* March, 1886.)

1. ADMIRALTY JURISDICTION — LIMITATION OF LIABILITY ACT — WHAT DAMAGES EMBRACED BY ACT — LOSS CONSUMMATED ON LAND OR WATER.
   The statutory rule of limited liability embraces all damages done by the vessel without the privity or knowledge of the owner, whether consummated on water or land.

2. SAME — RULE A MARITIME REGULATION.
   The rule, thus construed, is a maritime rule or regulation, and courts of admiralty and maritime jurisdiction have authority to enforce it.

3. SAME — EXTENT OF JURISDICTION.
   Admiralty courts, having jurisdiction to enforce the rule, and of the fund representing the value of the vessel, have jurisdiction of the enforcement of claims on that fund as auxiliary and incidental to their jurisdiction of the main subject.

Petition to Limit Liability, etc.

This was a petition stating, in substance, that on the twentieth day of September, 1880, the petitioner was the owner of the steam-boat Oconto, a steam-vessel engaged in interstate commerce on the Great Lakes; that on that day, shortly after the Oconto had passed up Fox river by the city of Green Bay, in the course of a regular voyage, a fire broke out on shore in that city, which, spreading, consumed in

its course 67 buildings and a large amount of personal property, of the aggregate value of more than $100,000; that afterwards, six actions were commenced against the petitioner by persons whose property was destroyed by the conflagration, claiming damages to an amount exceeding $30,000, which actions are pending in the state courts of Wisconsin; that in such actions it is claimed that the fire originated from the steamer while passing up the river; that a large number of other persons, suffering loss of property in the same fire, make claims against the petitioner, and intend to bring similar actions; that if the fire was caused by the steamer it was without the privity or knowledge of the petitioner; and that the value of the vessel and her pending freight, at the time of the fire, was $12,400. The petitioner denied liability, and prayed for the relief provided by the act of congress known as the "Limited Liability Act," (secs. 4281 -4289, Rev. St.,) and the supplementary rules of practice in admiralty, No. 54 et seq., promulgated by the supreme court, May 6, 1872, at beginning of 13 Wall. Rep.

Notices having been duly served and published, in conformity to the rules, the respondents appeared, answered the petition, and moved to dismiss the proceedings, which motion was orally argued at the bar.

It was argued by Mr. Rae in support of the motion—*First*, that the act does not embrace injuries to property on shore, but only injuries occurring, through the default of the master or mariners, without the privity or knowledge of the owner of the offending vessel, to property which is the subject of commerce in transit on the high seas and the navigable waters of the United States; *second*, that if the act does embrace injuries to property on shore, the district courts of the United States have not jurisdiction, either under the statute or the rules in admiralty, to give the petitioner the relief it seeks,—the tort complained of not being a marine tort, and therefore not within admiralty cognizance; *third*, that the fact that the act may be supported under the commercial grant in the constitution, as a regulation of commerce, cannot confer jurisdiction upon an admiralty court of the United States; *fourth*, that if congress could not enlarge the jurisdiction of the United States district courts sitting in admiralty, then the act of 1842, which conferred upon the supreme court of the United States authority to prescribe modes and forms of procedure in equity and admiralty cases only, could not authorize that court, by rules of practice, to enlarge the admiralty jurisdiction; *fifth*, that the admiralty rules themselves are confined to and contemplate a case of admiralty jurisdiction purely.

It was argued by Mr. Greene, *contra*—*First*, that damage done by a vessel to property on shore, without the privity or knowledge of the owner, falls within the third specification of section 4283, viz.: "For any act, matter, or thing, loss, damage, or forfeiture done, occasioned, or incurred without the privity or knowledge of such owner;" that the purpose of the rule of limited liability, being to promote and

encourage shipping, the power to prescribe that limitation is found in the commercial clause of the constitution. The power to make the regulation depends upon the thing regulated,—commerce,—not upon the judicial classification of the thing protected against. The common law is no more sacred against change and modification by a regulation of commerce by congress than maritime or statutory law. Each must yield, so far as they may be in conflict with such a regulation. The commercial clause applies to commerce on land as well as on water. *Second.* That the district court has jurisdiction of this proceeding in admiralty, although the tort complained of is not maritime. The case presented by the petition being within the statutory limitation of liability, if that limitation is a maritime rule or regulation, whether the damage is done on land or on water, the enforcement of that rule by this proceeding must be a maritime case. As the statute is a regulation of a maritime subject,—ships and shipping, or commerce by water,—it is a maritime regulation, and congress may rightfully vest in the federal courts jurisdiction for its enforcement under the constitutional provision that the judicial power of the United States shall extend to all cases of admiralty or maritime jurisdiction. The *rule* is equally *maritime,* whether it protects against liability for damage done by the ship on water or on land. It is the thing protected that characterizes the rule, not the thing against which protection is given; and the thing protected, being shipping and commerce by water, the rule is maritime.

Among the cases referred to on argument were *Norwich Co.* v. *Wright,* 13 Wall. 104; *The Plymouth,* 3 Wall. 20; *Providence & N. Y. S. S. Co.* v. *Hill Manuf'g Co.,* 109 U. S. 578; S. C. 3 Sup. Ct. Rep. 379, 617; *The Benefactor,* 103 U. S. 239; *The Scotland,* 105 U. S. 24; *The Lottawanna,* 21 Wall. 588; *The City of Columbus,* 22 Fed. Rep. 460; *The Amsterdam,* 23 Fed. Rep. 112; and *In re Vessel Owners' Towing Co.,* 26 Fed. Rep. 169–172.

*Jenkins, Winkler, Fish & Smith,* (Geo. G. Greene, of counsel,) for petitioner.

*Robert Rae* and *Charles E. Vroman,* for respondents.

DYER, J., held (1) that the statutory rule of limited liability embraces all damages done by the vessel without the privity or knowledge of the owner, whether consummated on water or on land; (2) that the rule thus construed is a maritime rule or regulation; (3) that, being a maritime rule or regulation, courts of admiralty and maritime jurisdiction have authority to enforce it; (4) such courts, having jurisdiction to enforce the rule, and of the fund representing the value of the vessel, have jurisdiction of the enforcement of claims on that fund as auxiliary and incidental to their jurisdiction of the main subject.