In re WHITELAW et al.

(District Court, N. D. California. January 8, 1896.)

No. 11,156.

ADMIRALTY—LIMITATION OF LIABILITY—INJUNCTION AGAINST SUITS.

A court of admiralty, in which is pending a proceeding for the limitation of the liability of a shipowner, under Rev. St. § 4282 et seq. (Act 1851), may enjoin the prosecution of suits in state courts against such shipowner; and the prohibition in Rev. St. § 720, does not apply to such injunctions.

Petition for a limitation of liability of the owners of the wrecking schooner Sampson, under the provisions of section 4282 et seq., Rev. St. Demurrer to petition, and motion to dissolve the restraining order issued upon the prayer of the petition. Demurrer overruled, and motion denied.

Nougues & Boone and H. K. McJunkin, for the motion.
Page & Eells, opposed.

MORROW, District Judge. A petition for a limitation of the liability of the owners of the wrecking schooner Sampson, under the provisions of sections 4282 et seq., Rev. St. U. S. (Act 1851), was filed in this court on April 10, 1895. In accordance with the prayer of the petition, a monition returnable July 16, 1895, citing all persons to appear who had any claims against said vessel, etc., or her owners, was issued; also an order restraining the prosecution of two suits pending in the state court against the owners of the vessel. Thereupon the plaintiffs in these suits filed their claims in this court against said vessel and her owners, and have demurred to the petition, and also entered a motion to dissolve the restraining order. The only real question presented for decision by the demurrer and motion to dissolve is whether this court, having original and exclusive jurisdiction of the limitation of liability proceedings, can enjoin the suits in the state court. It is to be observed that the suits in the state court were commenced prior to the institution of the proceedings to limit the liability of the owners.

Section 720, Rev. St., is cited in support of the motion to dissolve. It provides as follows:

"The writ of injunction shall not be granted by any court of the United States, to stay proceedings in any court of a state, except in cases where

such injunction may be authorized by any law relating to proceedings in bankruptcy."

This provision, as originally enacted, and contained in the fifth section of the act of March 2, 1793 (1 Stat. 335), did not include the exception relative to bankruptcy proceedings; otherwise it is substantially the same. Following the rule of interpretation contained in the maxim, "Expressio unius est exclusio alterius," the provision would seem to apply to all proceedings other than those specially excepted, and would therefore be applicable to a proceeding to limit the liability of shipowners under the act of 1851, in view of the fact that the only exception specified is that relating to "proceedings in bankruptcy." But when we come to examine critically the language of the act limiting the liability of shipowners, and the decisions and rules of the supreme court providing a method of procedure, among which the writ of injunction forms an orderly part, and when we consider the plain object and scope of the proceedings, and the benefits to be reached thereby, there will, I think, be little, if any, doubt that section 720 is inapplicable.

In the first place, it has been determined that the limited liability act of 1851 "is nothing more than the old maritime rule, administered in courts of admiralty in all countries except England, from time immemorial; and, if it were not so, the subject-matter itself is one that belongs to the department of maritime law." Providence, etc., S. S. Co. v. Hill Manuf'g Co., 109 U. S. 578, 3 Sup. Ct. 379, 617.

In Butler v. Steamship Co., 130 U. S. 555, 9 Sup. Ct. 612, it was said:

"The law of limited liability, as we have frequently had occasion to assert, was enacted by congress as a part of the maritime law of this country, and therefore is coextensive, in its operation, with the whole territorial domain of that law."

Norwich Co. v. Wright, 13 Wall. 104, 127; The Lottawanna, 21 Wall. 558, 577; The Scotland, 105 U. S. 24, 29, 31.

The act of 1851 did not designate the court in which the proceedings to limit the liability of the shipowners should be instituted, nor did it specify any regular method of procedure. When the act was reproduced in the Revised Statutes, in sections 4282 et seq., these deficiencies were not supplied. But the supreme court has settled any question of doubt in that connection, and rendered the act efficient in its workings. In the case of Norwich Co. v. Wright, 13 Wall. 104, where the act seems to have first come up for consideration before the supreme court, it was held that, although the act did not specify in which court the proceedings to obtain the benefit of the limitation of liability should be instituted, yet that no court is better adapted than a court of admiralty to grant the relief contemplated by the act, and that, therefore, the district courts, as courts of admiralty, had original and exclusive jurisdiction of the proceedings. It is also now well settled that such proceedings in the appropriate district court of the United States supersede all other acts and suits for the same loss or damage in the state or federal courts, upon the matter being properly pleaded therein, and that the effect

of such proceeding in superseding other actions and suits does not depend upon the award of an injunction by the district court, but upon the object and intrinsic character of the proceedings themselves and the express language of the act of congress. Providence, etc., S. S. Co. v. Hill Manuf'g Co., supra; Butler v. Steamship Co., supra. It is also clear that the act contemplated that there should be but one litigation; that the shipowner should establish his right to a limitation of his liability; and that the claimants for damages should contest such application, and present and litigate their claims against the res or fund, and against the owner thereof, in one and the same suit or proceeding.

As was said in Butler v. Steamship Co., supra:

"The beneficient object of the law in enabling the shipowner to bring all parties into concourse who have claims arising out of the disaster or loss, and thus to prevent a multiplicity of actions, and to adjust the liability to the value of the ship and freight, has been commented on in several cases that have come up before this court, notably in the cases of Norwich Co. v. Wright, 13 Wall. 104, and Providence, etc., S. S. Co. v. Hill Manuf'g Co., 109 U. S. 578, 3 Sup. Ct. 379, 617."

That there should not be any proceedings in other courts is plain from the provision contained in section 4285, Rev. St. U. S. This section, after providing for a transfer of the interest of the owners in the vessel and freight to a trustee for the benefit of the claimants, reads: "From and after which transfer all claims and proceedings against the owner or owners shall cease." While the act does not, in terms, provide for the process of injunction, yet it is evident that the supreme court regarded such proceeding as implied and included in the peremptory provision that "all claims and proceedings against the owner or owners shall cease."

In speaking of the proper course to be pursued to obtain the benefit of the act, Mr. Justice Bradley, in Norwich Co. v. Wright, supra, said:

"Having done this [filed a petition for limitation of liability, and surrendered the ship and freight], the shipowner will be entitled to a monition against all persons to appear and intervene pro interesse suo, and to an order restraining the prosecution of other suits. If an action should be brought in a state court, the shipowner should file a libel in admiralty, with a like surrender or deposit of the fund, and either plead the fact in bar in the state court or procure an order from the district court to restrain the further prosecution of the suit. The court having jurisdiction of the case, under and by virtue of the act of congress, would have the right to enforce its jurisdiction, and to ascertain and determine the rights of the parties. For aiding parties in this behalf, and facilitating proceedings in the district courts, we have prepared some rules which will be announced at an early day."

These rules were promulgated shortly after (May 6, 1872), and are known as rules 54, 55, 56, and 57 of the general admiralty rules. Rule 54, after providing for the filing of a libel or petition in the proper district court of the United States, and the different methods that may be pursued to place the res or fund within the jurisdiction of the court, and the issuing of a monition against all persons claiming damages, etc., concludes thus:

"And the said court shall, also, on the application of the said owner or owners, make an order to restrain the further prosecution of all and any suit or suits against said owner or owners in respect to any such claim or claims."

In Providence, etc., S. S. Co. v. Hill Manuf'g Co., supra, the right of the supreme court to make rules regulating the procedure in limitation of liability proceedings was reaffirmed; and the importance of providing for a restraining order, although not referred to in express terms, is, nevertheless, plainly manifest from the following quotation of their language. The court say:

"We have deemed it proper to examine thus fully the foundation on which the rules adopted in December term, 1871, were based, because, if those rules are valid and binding (as we deem them to be), it is hardly possible to read them in connection with the act of 1851 without perceiving that, after proceedings have been commenced in the proper district court in pursuance thereof, the prosecution pari passu of distinct suits in different courts, or even in the same court by separate claimants, against the shipowners, is, and must necessarily be, utterly repugnant to such proceedings, and subversive of their object and purpose."

In that case the power of the district courts to issue injunctions to stay proceedings in state courts, in view of the provision in the judiciary act of 1793 (1 Stat. 335) that no injunction should be granted by United States courts "to stay proceedings in any court of a state," was considered, and it was held that such courts undoubtedly possessed the power. The reasons given for so holding were that the act of 1851 was a statute subsequent to the judiciary act of 1793; and as, in and by its terms, it provided that "all claims and proceedings against the owners shall cease" upon certain preliminary steps required by the act having been complied with, it therefore limited the operation of the provision in the judiciary act to that extent. It is to be observed that the supreme court based its decision upon the provision in the judiciary act as originally enacted, and not as it was amended when reproduced in the Revised Statutes as section 720, with the exception appended relating to bankruptcy proceedings. Though this decision was rendered in 1883, and therefore subsequent to the adoption of the Revised Statutes and the amendment of section 720, still the court expressly limited its interpretation and decision upon the question there raised to the provision as originally enacted, for the reason that the writ in that case had been issued prior to the adoption of the Revised Statutes, and was therefore unaffected by any change in the law introduced in the revision. It, however, referred to the legal effect of the introduction of the exception relating to bankruptcy proceedings in the following words:

"Under the rule of 'expressio unius,' this express exception may be urged as having the effect of excluding any other exception, though it is observable that the injunction clause in the act of 1851 is preserved without change in section 4285 of the Revised Statutes, and will probably be construed as having its original effect, due to its chronological relation to the act of 1793."

But in Re Long Island, etc., Transportation Co., 5 Fed. 599, the section, as amended, came up for consideration, and the question in-

volved in this case arose there, and was directly passed upon. Judge Choate, of the district court for the Southern district of New York, gave the matter careful investigation, and came to the conclusion that section 720 was limited in its application by what may aptly be termed "the injunction clause" of the limited liability act, viz.: "All claims and proceedings against the owner shall cease." The reasons upon which the learned judge arrived at that conclusion are so clearly stated that I shall quote from his opinion at some length. He says:

"But it is still insisted, as to the restraining order, that, whatever may be the jurisdiction of this court, it is prohibited by Rev. St. § 720. This section is a re-enactment, with some change of language, of the fifth section of the act of March 2, 1793 (1 Stat. 335). The question thus raised, so far as it depended on the original statute of 1793, is disposed of, so far as this court is concerned, in favor of the power to restrain the suits conformably to the rules of the supreme court by the decision in the case of The Oceanus (In re Providence, etc., Steamship Co.); 6 Ben. 131 [Fed. Cas. No. 11,451]. * * * The question is whether the introduction of this exception into section 720, as to laws relating to bankruptcy, is to be deemed to take away the power to restrain given in the original act by what has been held to be the necessary implication of the words 'after such transfer all claims and proceedings against the owner shall cease,' which were re-enacted without change in section 4285. Whatever the effect of section 720, section 4285 effectually deprives the state court before which such claim or proceeding is pending of all jurisdiction. The only question is, on which court is imposed the duty or conferred the power to issue a restraining order, if a restraining order shall be necessary to prevent the plaintiff in such suit from proceeding with his suit? It cannot be supposed that this was to remain on the statute book a mere brutum fulmen, with no power to carry it into effect and see that it was executed. Clearly, as to any suit pending in a federal court, the duty would remain where it was before, and the court in which the limited liability proceeding was pending would issue the restraining order. It would be so unusual and questionable an exercise of legislative power by congress to make a direction requiring state courts to issue such a restraining order that I think nothing short of the most explicit declaration of an intent to do so would justify the conclusion that such an intent existed. It is most improbable, too, that the necessary power to carry into effect the grant of exclusive jurisdiction to a court of the United States, clearly intended to be exercised by some authority, should not be conferred upon the court whose jurisdiction and whose suitors are to be defended against interference. It is very likely that the person who framed section 720 overlooked the fact that there was another law in force besides the laws relating to bankruptcy under which the courts of the United States could restrain proceedings already commenced in a state court; but in view of the fact that this other law was embodied in the same revision, that its meaning and force were determined by decisions of the courts, and that it must be presumed to have been re-enacted with the same meaning, I think the change made in section 720 is not sufficient to show an intention to take away anything from the meaning of section 4285. Section 720 has obviously its principal application to the restraint of suits which, but for the injunction, the state court would have jurisdiction to go on with and determine. This is true with regard to suits against the bankrupt, stayed under the bankrupt law, and generally where a party is by the rules of equity entitled to enjoin a defendant from going on with a prior suit. The peculiarity of this case is that the suit stayed is one in which, by the express terms of an act of congress, the state court is absolutely without jurisdiction to proceed. There are not, therefore, the same reasons of public policy in this case as in the cases more particularly provided for in section 720, for prohibiting the issue of the injunction or restraining order. It does not interfere with any exercise of jurisdiction which could

otherwise be claimed by the state court, and is not likely to lead to unseemly conflicts between the federal and the state tribunals, to prevent which is understood to have been the original purpose of this prohibitory legislation. So positive is the language of section 4285 that it may be doubted whether, after the transfer therein provided for, the state court could make any order whatever in the cause, even one restraining the plaintiff from its further prosecution. On the whole, therefore, construing the two sections together, I think this court may still restrain, by its order pending this suit, parties who have commenced actions in the state court from proceeding further therein. * * * The suggestion that the court which first obtains jurisdiction of a matter has the right to go on and determine the cause has no force in a case where, by a valid statute, a court subsequently obtaining jurisdiction is vested with exclusive jurisdiction."

See, also, The Amsterdam, 23 Fed. 112.

In the case of The Tolchester, 42 Fed. 180, the right of the district court, after it has in its possession the fund to be distributed, to issue an injunction, was also placed upon the principle adopted by the supreme court in Dietzsch v. Huidekoper, 103 U. S. 494, and it was said:

"The district court has possession of the only fund to which the claimants have a right to resort for the payment of their claim. It is the only court competent to settle, by a decree binding upon all parties interested, the question of right of the shipowner to have his liability limited. The injunction would therefore appear to be, as in the case of Dietzsch v. Huidekoper, ancillary to its administration of that fund, and necessary to prevent its judgment and its proceeding from being nugatory."

The irresistible conclusion, both upon reason and authority, is, therefore, that the provision in section 4285 that "all claims and proceedings against the owner shall cease" is paramount to section 720, and is not affected by it.

It is also urged that the suits in the state court should not be enjoined, because they are personal actions against the owners, charging privity of knowledge. This argument is based upon the provision in the act which, upon proof of personal neglect or privity of knowledge of the tort on the part of the owner, withholds the benefit of a limitation of liability. But this argument fails, for the plain reason that that is precisely one of the questions which the district court is to determine. It is the very proposition which must first be settled in order to decide whether the owners are entitled to a limitation of their liability or not. Mere allegations of personal negligence and privity of knowledge cannot impair the exclusive jurisdiction of the district courts over proceedings to limit the liability of shipowners. Another reason, which is conclusive, is found in the fact that the act does not except, either directly or by implication, personal actions charging the owners with privity of knowledge and personal neglect. Such an exception would most certainly be contrary to the spirit and intent of the act. If allowed, it would effectually frustrate the intention of congress to dispose of all claims for damages, and litigate the right of the shipowner to a limitation of his liability in one and the same proceeding. In many cases the averment of personal negligence and privity of knowledge on the part of the owners would be a mere subterfuge, to avoid the limitation of liability proceedings.

The same question was raised in Re Long Island, etc., Transportation Co., supra, and it was thus disposed of:

"But to argue that a passenger or shipper can maintain a suit in the state court pending the proceedings in this court, because the complaint in the state court alleges a case of damage or loss occurring with the privity or knowledge of the owner, or by his negligence, and therefore not a case within the protection of the statute, is to overlook the fact that the chief object of the statute was to submit that very question, whether the damage or loss was so incurred, once for all, and as between the owners and all the passengers and shippers, to the admiralty court; and that it was to make the jurisdiction of this court to determine that question effectual that the statute provided that, upon the institution of the proceeding and the transfer of the vessel, all claims and proceedings against the owner should cease."

In Butler v. Steamship Co., 130 U. S. 552, 9 Sup. Ct. 612, the supreme court say:

"Allegations that the owners themselves were in fault cannot affect the jurisdiction of the court to entertain a cause of limited liability, for that is one of the principal issues to be tried in such a cause."

The demurrer also makes the further objection to the petition, that it does not state facts sufficient to entitle the owners to avail themselves of the benefit of a limitation of liability under the act and its amendments. There is nothing in this last ground of demurrer.

The demurrer will therefore be overruled, and the motion to dissolve the restraining order denied; and it is so ordered.