# OREGON RAILROAD AND NAVIGATION COMPANY *v.* BALFOUR.
# OREGON RAILWAY AND NAVIGATION COMPANY *v.* BALFOUR.

APPEALS FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

Nos. 73, 74.    Submitted October 9, 1900.    Decided October 22, 1900.

Proceedings to limit the liability of ship-owners are admiralty cases ; the decrees of the Circuit Courts of Appeal therein are made final by the sixth section of the judiciary act of March 3, 1891 ; and appeals to this court therefrom will not lie.

MOTION to dimiss.

*Mr. George H. Williams* and *Mr. C. E. S. Wood* for the motion.

*Mr. A. B. Browne* and *Mr. W. W. Cotton* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

These were petitions for a limitation of liability of ship-owners, filed in the District Court of the United States for the District of Oregon, sitting in admiralty, which proceeded to decree in that court. From this decree appeals were prosecuted to the United States Circuit Court of Appeals for the Ninth Circuit and the decree affirmed: 90 Fed. Rep. 295. From that decree appeals were taken to this court, which appellees now move to dismiss.

By the sixth section of the judiciary act of March 3, 1891, it is provided that the judgments or decrees of the Circuit Courts of Appeals in admiralty cases shall be final ; and no appeal to this court lies therefrom. If, then, proceedings under the act

of Congress to limit the liability of ship-owners, and the rules
of this court in that regard, are admiralty cases, it follows that
the motions to dismiss must be sustained.

By the second section of article three of the Constitution,
the judicial power extends "to all cases of admiralty and mari-
time jurisdiction," the word "maritime" having been added,
out of abundant caution, to preclude a narrow interpretation of
the word "admiralty."

The jurisdiction to limit the liability of ship-owners was con-
ferred upon the District Courts by the act of Congress of
March 3, 1851, 9 Stat. 635, c. 43, carried forward into sections
4282 to 4289 of the Revised Statutes.

It was not until December term, 1871, in the case of the
*Norwich Transportation Company* v. *Wright*, 13 Wall. 104,
that the court was called upon to interpret the act, and to adopt
some general rules for the purpose of carrying it into effect,
and this was done at that term. 13 Wall. xii, xiii; Rules of
Practice in Admiralty, 54–58.

The power of Congress to pass the act of 1851 and the power
of this court to prescribe rules regulating proceedings there-
under were maintained in that case, and were recognized and
reaffirmed in many subsequent cases. *The Benefactor*, 103 U. S.
239; *The Scotland*, 105 U. S. 24; *Providence & N. Y. Steam-
ship Co.* v. *Hill Manufacturing Co.*, 109 U. S. 578; *Butler* v.
*Boston S. S. Co.*, 130 U. S. 527; *In re Morrison, Petitioner*,
147 U. S. 14, 34. In the latter case the proceeding is styled
"an equitable action," but not in any sense as inconsistent with
the admiralty jurisdiction.

In these cases the provisions of the act and of the rules are
fully set forth, explained, and commented on, and need not be
repeated. As decisive of the question before us it will be suffi-
cient to give the following extracts from the opinion of the
court, delivered by Mr. Justice Bradley, in *Providence Steam-
ship Co.* v. *Manufacturing Company:*

"The subject is one pre-eminently of admiralty jurisdiction.
The rule of limited liability prescribed by the act of 1851 is
nothing more than the old maritime rule administered in courts
of admiralty in all countries except England, from time im-

memorial; and if this were not so, the subject matter itself is one that belongs to the department of maritime law. The adoption of forms and modes of proceeding requisite and proper for giving due effect to the maritime rule thus adopted by Congress, and for securing to ship owners its benefits, was therefore strictly within the powers conferred upon this court; and where the general regulations adopted by this court do not cover the entire ground, it is undoubtedly within the power of the district and circuit courts, as courts of admiralty, to supplement them by additional rules of their own.  . . .  In promulgating the rules referred to, this court expressed its deliberate judgment as to the proper mode of proceeding on the part of ship owners for the purpose of having their rights under the act declared and settled by the definitive decree of a competent court, which should be binding on all parties interested, and protect the ship owners from being harassed by litigation in other tribunals. . . . We see no reason to modify these views, and, in our judgment, the proper District Court, designated by the rules, or otherwise indicated by circumstances, has full jurisdiction and plenary power, as a court of admiralty, to entertain and carry on all proper proceedings for the due execution of the law, in all its parts."

Clearly then these were admiralty cases; the decrees of the Circuit Court of Appeals were made final by the statute; and the appeals must be

*Dismissed.*