SEESE'S ADM'X v. MONONGAHELA RIVER CONSOL. COAL &
COKE CO.

(Circuit Court, W. D. Pennsylvania.   August 3, 1907.)

No. 26.

SHIPPING—PROCEEDING FOR LIMITATION OF LIABILITY—EXCLUSIVE JURISDIC-
TION OVER CLAIMS.

A court of admiralty in which proceedings are instituted by a vessel
owner for limitation of liability has exclusive jurisdiction to settle in
such proceedings all claims arising out of the matters on which they are
based, and an order made therein restraining all persons having claims
from prosecuting suits thereon elsewhere is a bar to a subsequent suit on
a claim in another court, although brought by an administrator who had
not at that time been appointed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, § 659.]

At Law.   On petition to dismiss for want of jurisdiction.

P. M. Smith, for plaintiff.

McIlvain, Murphy & Jones, for defendant.

EWING, District Judge.   This action is instituted for the purpose
of recovering damages for the death of James A. Seese, alleged to have
been occasioned by the negligence of the defendant company, while the
decedent was employed on the towboat Defender owned by the de-
fendant company, the boiler of which exploded on January 3, 1905,
within the jurisdiction of the District Court of the United States for
the Southern District of West Virginia, and which explosion killed
said Seese.

The defendant now petitions to have this action dismissed on the
ground that on January 14, 1905, it instituted proceedings in the
District Court of the United States for the Southern District of West
Virginia under the provisions of the act of Congress of March 3, 1851,
for limitation of liability by reason of said accident, which said pro-
ceedings were so prosecuted that said court ordered:

"That all and every person or persons who may have, or claim to have,
suffered damage by reason of the blowing up and explosion of the boilers of the
steamboat Defender on the 3d day of January 1905, and the personal repre-
sentatives of all such persons, be restrained from prosecuting any suit or
suits against the said Defender, or her freight, or against the Monongahela
River Consolidated Coal & Coke Company, by reason of said explosion, except
in these proceedings [and] that all and every person or persons who may have
or claim to have suffered damage by reason of the blowing up or explosion of
the boilers of the steamer Defender on the 3d day of January, 1905, and the
personal representatives of such of them as were killed by said explosion, be
restrained from prosecuting any suits or proceedings at law except herein
against the steam towboat Defender, or her freight, or against the Monon-
gahela River Consolidated Coal & Coke Company, by reason of said ex-
plosion."

To this petition the defendant attaches a certified copy of the record
in the proceedings had in said District Court of West Virginia and the
rule granted on the plaintiff to show cause why this action should not
be dismissed.   In answer to this rule the plaintiff has filed a general
demurrer, and on the argument of the rule, while admitting that said

statute had been decided to apply to accidents of this character, and that proceedings to avail of the limited liability under its provisions could be instituted before suit brought on any claim for damages, yet insisted that the statute was not intended to apply as against a dead man and could not be urged against an administrator who had not been appointed at the time the proceedings were instituted or completed, and also on the ground of their claim, as set forth in the statement filed in this case, of alleged knowledge and privity on the part of the defendant. An answer to the last point will be found in Re Whitelaw (D. C.) 71 Fed. 733, in which case it is distinctly declared that the court in which proceedings are instituted for the purpose of obtaining the benefit of the provisions of said act of 1851 is the court, and the only court, which can determine whether there is knowledge and privity on the part of the owners of the vessel; and the case of Providence & New York Steamboat Co. v. Hill Mfg. Co., 109 U. S. 578, 3 Sup. Ct. 379, 617, 27 L. Ed. 1038, which decides that the court in which such proceedings have been instituted under the provisions of the act of 1851 has exclusive jurisdiction of all claims for damages.

The fact that Seese's administratrix was not appointed until after the monition issued in the District Court of West Virginia, possibly not until after the return day thereof, is not sufficient to give this court jurisdiction. Administration could have been had at any time after the death of Seese, and, if the fact that it were delayed until after orders and decrees were made in the court in which proceedings had been instituted under the act of 1851 would avail, there would be an incentive in every such case to delay administration until such date and thus avoid the effect of such proceeding. The intent of the act was to give the court in which such proceedings were instituted exclusive and inclusive jurisdiction to settle in that one proceeding all claims arising out of the accident upon which said proceedings were based. If any grace is to be allowed and exception made by reason of the fact that there was no personal representative of the deceased at the time the order was made in that court, application therefor should be made there.

The rule is made absolute, and the action is dismissed for want of jurisdiction.