## THE LAFORREST L. SIMMONS.

(District Court, D. Massachusetts. October 17, 1921.)

No. 1897.

1. **Shipping** ☞209(1)—**Jurisdiction to limit liability confined to maritime causes.**

   A District Court cannot take jurisdiction of a petition to limit liability, under Rev. St. § 4283 (Comp. St. § 8021), where it would not have had jurisdiction in admiralty originally of the cause of action involved.

2. **Shipping** ☞207—**Part owner of vessel held not entitled to limitation of liability for injury to stevedore on wharf.**

   A part owner of a schooner from which coal was being discharged *held* not entitled to limitation of liability under Rev. St. § 4283 (Comp. St. § 8021), for injury to a stevedore by the breaking of the hoisting rope of a derrick on the wharf owned by petitioner, where neither vessel nor crew had anything to do with the discharging and no claim was made against the vessel nor against petitioner on account of his interest therein.

In Admiralty. Petition by Laforrest L. Simmons against Joe Duart for limitation of liability and injunction. Petition dismissed.

Edward C. Stone and Sawyer, Hardy, Stone & Morrison, all of Boston, Mass., for libelant.

David R. Radovsky, of Fall River, Mass., for respondent.

MORTON, District Judge. This is a petition to limit liability under Rev. St. § 4283 (U. S. Comp. St. 1916, § 8021) and for an injunction against proceedings in the state court. The principal question is one of jurisdiction. There is no serious controversy as to the facts on which it depends.

Simmons, the petitioner, was a coal dealer in Somerset, Mass. The schooner Laforrest L. Simmons came to the wharf which he leased from one Eddy with a cargo of coal consigned to the petitioner. He contracted with one Davis, as stevedore, to furnish shovellers for the discharge. Duart was hired by Davis to shovel coal into the discharging bucket in the hold of the vessel. The bucket when filled was hoisted by a rope running over a derrick, or "shears" on the wharf. The derrick, rope, and bucket were owned by the petitioner, and the power was furnished by a pair of horses hired by him. The only active part which any of the crew of the vessel took in the discharge was that her mate tied the rope to the axle to which the horses were hitched; but this act was not part of his duty, and it in no way entered into the accident —he appears to have done it as a volunteer. During the discharge the

rope broke near the axle and the bucket fell on Duart inflicting severe injuries. The vessel had nothing to do with the discharge, and the rope did not belong to her. No claim has ever been made against her, and neither she nor her owners were liable for the accident. Simmons owned one-sixteenth of her, but no claim was made against him on account of such ownership.

[1, 2] Cases under the statute invoked by the petitioner come within the jurisdiction of this court (Norwich Co. v. Wright, 13 Wall. 104, 20 L. Ed. 585; Oregon R. & Nav. Co. v. Balfour, 179 U. S. 55, 21 Sup. Ct. 28, 45 L. Ed. 82); but it cannot take jurisdiction of a petition for limitation of liability where it would not have had jurisdiction in admiralty originally of the cause of action involved (Ex parte Phenix Ins. Co., 118 U. S. 610, 7 Sup. Ct. 25, 30 L. Ed. 274). The foundation of the petition for limitation is that a claim cognizable in admiralty has been made against the vessel or her owner. As above stated, no claim of that sort was or is asserted, and there is no ground for it. There were no "damages done by the vessel" (In re Goodrich Transp. Co. [D. C.] 26 Fed. 713) for which she or her owner might be held liable. Even if, as the petitioner contends, the accident arose out of a "maritime tort" (see Atlantic Transp. Co. v. Imbrovek, 234 U. S. 52, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. [N. S.] 1157), that does not give him the right to limit his liability for it to the value of the share or interest which he happened to own in the discharging vessel. No case has been cited which supports the petitioner's position.

The petition must be dismissed; and I do not think that there is sufficient substance to the petitioner's contention to warrant a continuance of the injunction pending an appeal, and further interference by this court with the judgment of the state court.

Petition dismissed; restraining order discharged.