E. I. DU PONT DE NEMOURS & CO., Inc.,
v. BENTLEY et al.

Circuit Court of Appeals, Second Circuit.
May 2, 1927.

No. 357.

1. Shipping ⬡⟹209(3)—Petition by charterer for limitation of liability under statute must show charterer of kind described in statute (Comp. St. § 8024).

Charterer, petitioning for limitation of liability under Rev. St. § 4286 (Comp. St. § 8024), must show by petition that it is a charterer of the kind described in the statute.

2. Shipping ⬡⟹209(3)—Petition for limitation of liability by charterer of tug to recover powder from sunken vessel held to clearly show petitioner not charterer of kind within statute (Comp. St. § 8024).

Charterer's petition for limitation of liability under Rev. St. § 4286 (Comp. St. § 8024), showing that petitioner chartered two barges and a tug to be used in retrieving powder on a sunken vessel, and that after recovering powder fire broke out, destroying flotilla and doing great damage to adjoining property, *held* to plainly show that petitioner was not a charterer of the kind described in the statute.

3. Shipping ⬡⟹209(3)—Party cited by monition may except to petition for limitation of liability without filing claim (Comp. St. § 8024; admiralty rules 27, 53).

In proceeding under Rev. St. § 4286 (Comp. St. § 8024), for limitation of liability, a party cited by monition may except to the petition without filing a claim under the fifty-third rule, which makes filing of claim a condition precedent to filing of answer; rule 27 being controlling.

Appeal from the District Court of the United States for the Northern District of New York.

Petition by E. I. Du Pont De Nemours & Co., Inc., for limitation of liability. From a decree dismissing the petition on exception of James L. Bentley and others, petitioner appeals. Affirmed.

For opinion below, see 18 F.(2d) 782.

The petition alleges that the petitioner shipped a cargo of powder from May's Landing, New Jersey, consigned to Boxdals, Wisconsin. While en route in the Erie Canal, the vessel which carried the powder sank and the petitioner undertook to retrieve it. To do so it entered into a charter party with the Syracuse Sand Company, under which it agreed to pay to them $75 a day for a tug for whose use it was to furnish the coal. This tug was to tow two barges also hired from the Sand Company on a per diem basis. The petitioner assumed all risk of the cargo, and agreed to pay the wages of any extra bargees who might be necessary. After recovering the powder it was laden in the two barges and in a third, procured in some undisclosed way. A fire occurred on one of the three, which destroyed the flotilla and spread to the adjoining land, doing great damage. The victims brought many actions at law against the petitioner, which it was the purpose of the petition to enjoin, on the notion that it might limit its liability under Rev. St. § 4286 (Comp. St. § 8024), as a charterer who manned, victualed, and navigated the vessel at his own expense or by his own procurement.

A monition and injunction issued and were served on the plaintiffs at law, some of whom appeared "specially," and excepted to the petition as insufficient. The District Court dismissed the petition.

Stanley & Gidley, of Buffalo, N. Y., and Bond, Schoeneck & King, of Syracuse, N. Y. (Ray M. Stanley and Ellis H. Gidley, both of Buffalo, N. Y., on the brief), for appellant.

Edward L. O'Donnell, of Utica, N. Y., Hancock, Dorr, Spriggs & Shove, of Syracuse, N. Y., and Coley & Kiley and George B. Russell, all of Canasota, N. Y., for appellee.

Before L. HAND and SWAN, Circuit Judges, and CAMPBELL, District Judge.

PER CURIAM. [1, 2] The petition alleged no connection of the petitioner with the vessels, except as shown by the charter party, together with the fact that he used them to carry the powder. It must appear from the pleading itself that the petitioner is a charterer of the kind described in the statute, and here it is too plain for discussion that the charter party did not make him such. Smith v. Booth (D. C.) 110 F. 680. Whether other facts might bring him within the statute we need not inquire. We must go by the pleading. Hartford Accident & Indemnity Insurance Co. v. So. Pac. Ry. (February 21, 1927) 47 S. Ct. 357, 71 L. Ed. ——, does not even remotely touch the case. Nor does the ninth article of the petition add any relevant allegation.

[3] The only other question is as to whether a party cited by monition may except to the petition without filing a claim under the fifty-third rule. The rule makes this a condition precedent to filing an answer, but says nothing about exceptions. It would be an unreasonable condition to attach to the right to challenge the sufficiency of the pleading at the outset, and so to be rid of an injunction having no support in law. The more summary the procedure in such a case the better;

we think that rule 27 controls. So far as we can find, the point has never been bruited before, but it was passed sub silentio in The Titanic (D. C.) 209 F. 501, Oceanic Steam Nav. Co. v. Mellor, 233 U. S. 718, 34 S. Ct. 754, 58 L. Ed. 1171, L. R. A. 1916B, 637, In re Eastern Dredging Co. (D. C.) 138 F. 942, and The Erie Lighter No. 108 (D. C.) 250 F. 490, 492. We have no question of the propriety of the practice.

Decree affirmed; mandate to issue forthwith.