### THE ALCYONE.

### Petition of PUTNAM.

### No. 12353.

District Court, E. D. New York.
May 15, 1931.

Bigham, Englar, Jones & Houston, of New York City (George S. Brengle and Leonard J. Matteson, both of New York City, of counsel), for petitioner.

Duncan & Mount, of New York City, for Mrs. Lea M. Christie.

BYERS, District Judge.

Motion by the administratrix of Martin R. Christie for an order modifying an order appointing a commissioner in a limitation proceeding initiated by Henry W. Putnam, as owner of the yacht Alcyone.

The decedent Christie received injuries while performing duties in the course of his employment on the said yacht on October 4, 1930, from the effects of which he died on January 23, 1931. His widow was duly appointed administratrix and, under date of March 18, 1931, caused her attorneys to write a letter to the yacht owner, in the effort to ascertain whether her claim could be amicably adjusted without recourse to litigation.

On March 25, 1931, the attorneys to whom the said letter had been referred by the firm who handled the owner's insurance, replied, suggesting an appointment; a conference

ensued between representatives of the two offices on the 26th, in which Mrs. Christie's attorneys asked if the lawyers for the underwriters would appear for the yacht owner, in an action if one were brought. The reply was that instructions from the underwriters would be sought. A telephone inquiry of the 27th (Friday) elicited the statement that no letter had yet been written seeking the authority in question. In that telephone conversation, Mrs. Christie's attorneys stated that they were drawing their papers, and would probably ask judgment for $150,000.00 damages, having said, in the first interview, that they would be prepared to recommend a settlement without suit for $35,000.00.

On Monday, March 30, 1931, the present petition in limitation was filed, and an ex parte order obtained, containing the conventional restraining clauses against the commencement or prosecution of any and all suits or legal proceedings, except in this limitation proceeding, in respect to any claim arising out of the accident and injuries to the said decedent.

Apparently an ad interim stipulation has been filed in the sum of $65,000.00.

On the argument, it was conceded that no other claim has been filed, and none can be, for the reason that the decedent was the only person injured in the said accident.

Thus it appears that the administratrix has not been permitted to select her own forum, and the petitioner argues that, because of his diligence as above recited, she may not be permitted to.

The recent decision of the Supreme Court in the case of Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 247, 75 L. Ed. 520, decided February 24, 1931, involves a single claim, and a petition in limitation filed by the owner of the vessel four months after the commencement of a state court action to recover damages against him for personal injuries said to have been suffered by the plaintiff in that action. The decision, which permitted the prosecution of the state court suit while the District Court retained jurisdiction of the limitation, is therefore to be clearly distinguished from this cause, because no state court action had been commenced against this petitioner when his petition was filed.

Argument is made in opposition to the motion, that, the jurisdiction of this court having been first invoked, it cannot be surrendered even to the extent permitted in the Green Case, and reliance is had upon the case of Kline v. Burke Construction Co.,

260 U. S. 226, 43 S. Ct. 79, 83, 67 L. Ed. 226, 24 A. L. R. 1077. In that case, an action in equity in a state court, involving the same issues as those presented in an earlier suit in the District Court for the Western District of Arkansas, was permitted to continue, because both actions were in personam. The opinion closes with this statement:

"The rule, therefore, that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist, the rule does not apply. Since that necessity does exist in actions in rem and does not exist in actions in personam, involving a question of personal liability only, the rule applies in the former but does not apply in the latter."

The application of the foregoing rule to this motion manifestly requires that the nature of the pending limitation proceeding be determined. An early definition is found in the City of Norwich, Fed. Cas. No. 2,762, decided in this court by Judge Benedict in 1873 (affirmed 118 U. S. 468, 6 S. Ct. 1150, 30 L. Ed. 134) :

"While, then, in most cases, doubtless, the possession of a fund for distribution will give to the cause of limited liability the aspect of a proceeding in rem, it is not such a proceeding, but rather partakes of the character of an action in personam. It is a proceeding sui generis, quite analogous, in respect to the maritime adventure involved, and the liability which arises therein, to a proceeding in bankruptcy—a proceeding limited, of course, to the maritime capital involved, and resulting in a discharge of the owner from certain classes of demands to which he has become liable in the use of that capital. It is taken in the admiralty by reason of the subject-matter, and is there to be conducted as the necessities of such a cause may require, in order to accomplish the result intended by the act of 1851.

In the Matter of Morrison, 147 U. S. 14, 13 S. Ct. 246, 253, 37 L. Ed. 60, the court was passing upon a limitation proceeding initiated in the District Court (52 F. 598) for the District of Massachusetts, as the result of which an ad interim stipulation had been approved in a cause in which collision damage had been occasioned, and, in deciding that subsequent proceedings brought by the injured party in the Southern District of New York should not be permitted because of the earlier proceedings brought in the

District of Massachusetts, the court used the following language:

"The proceeding to limit liability is not an action against the vessel and her freight, except when they are surrendered to a trustee, but is an equitable action."

The latter expression, however, must be weighed in the light of the opinions of the same court, in Oregon Co. v. Balfour, 179 U. S. 55, 21 S. Ct. 28, 45 L. Ed. 82, Metropolitan Co. v. Doe, 223 U. S. 365, 32 S. Ct. 275, 56 L. Ed. 473, Ann. Cas. 1913D, 1221, and Hartford, etc., Co. v. Southern Pacific, 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612.

These discussions seem to proceed upon the theory that a limitation proceeding is both in rem and in personam, as declared in Benedict (5th Ed.) § 479, even though the vessel is not in the custody of a trustee, but is in court in the form of an ad interim stipulation only. To the extent that the proceeding is in rem, the admonition quoted from Kline v. Burke, supra, seems to govern the circumstances here presented.

The filing of the petition without waiting for suit to be brought was not premature. See Ex parte Slayton, 105 U. S. 451, 26 L. Ed. 1066.

It is urged, on behalf of the motion, that these considerations need not enter into the disposition of the motion, because the opinion in the Green Case is based largely on reasons which apply equally well to the facts here involved, and that the pendency of the action in the state court, at the time of filing the petition in limitation in that case, was a mere incident, and not a controlling circumstance. The concluding portion of that opinion well describes the situation of these parties, and the method whereby the owner of this yacht can limit any possible recovery, in a state court action, to the value of his vessel; if this court felt that the legal discretion vested in it could be so exercised, without offending against the rule declared in Kline v. Burke, the motion would be granted "to preserve the rights of both parties," to quote from the Green Case. It is not permitted, however, to follow blindly that opinion without having in mind that the discussion there presented arose in a case in which a state court action was first in point of time.

Likewise it is urged that this motion should be granted in conformity with the views expressed in The Aquitania, 20 F. (2d) 457, decided by the Second Circuit Court of Appeals. If the affidavit upon which the motion is based disclosed that the one claim against this petitioner was actually not in excess of the value of the vessel, the argument would be of great force, but, in the absence of such a showing, this court is not at liberty to apply that decision to this motion.

Motion denied. Settle order.