**In the Matter of the Petition of Paul F. WOOD for Exoneration from or Limitation of Liability.**

United States District Court,
S. D. New York.
June 28, 1954.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for petitioner, George B. Warburton, New York City, of counsel.

George J. Engelman, New York City, for next of kin and distributees of Lars Johnson, Harry Diedericksen, Bjarne Pedersen and Normann Josefsen.

Harry A. Gross, New York City, for Gunhild Tompsen, the widow of Lars Tompsen, and Tellef Fredriksen, Frederick Fredricksen and John Fredricksen, the next of kin of Paul Fredricksen.

GODDARD, District Judge.

This is a motion to dismiss the petition for exoneration from or limitation of liability, or, in the alternative, for an order allowing the claimants to pursue their common-law remedy in the state court and to extend the time for filing claims in the limitation proceeding.

The petition was filed on February 9, 1954, by Paul F. Wood, owner of the fishing vessel, Susan. It alleges that the Susan left New Jersey on December 4, 1953 to engage in commercial fishing with a crew of six and captain; that shortly after it sailed there were three storms with winds of gale velocity in the area; that the Susan disappeared with all hands; that it was seaworthy in all respects; that the loss was due to acts of God and perils of the sea; that petitioner was not in privity or knowledge of any condition which caused the disappearance; that the vessel is believed to be a total loss and there is no pending freight or any limitation fund; and it asks for exoneration from or limitation of liability.

On February 10, 1954, Judge Noonan of this court ordered that a monition issue directing that all claims be filed before March 16, 1954, and that the institution of suits other than in the limitation proceeding be enjoined.

This motion is made on behalf of the next of kin of the crew. They claim that the Susan was unseaworthy; that the petitioner had knowledge thereof; that they have causes of action under the Jones Act, 46 U.S.C.A. § 688, and the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq., which they desire to pursue in the state courts; and that administrators of the estates of the decedents have been unable to be appointed thus far, and thus they ask extension of the time for filing claims.

Claimants first argue that under Rule 51 of the Admiralty Rules, 28 U.S.C.A., the petition is premature because no claim has as yet been filed. Rule 51 provides that the petition shall state, among other things, "what suits, if any, are pending thereon". It recognizes that the petition may be filed before claims are made, and this has been held to be proper. The Alcyone, D.C., 50 F.2d 186, reversed on other grounds, In re Putnam, 2 Cir., 1932, 55 F.2d 73.

Claimants also argue that, since there is no fund to be distributed, the court should dismiss the petition, or at least vacate the stay against suits in other courts. However, Title 46 U.S.C.A. § 183(a) provides that, if the owner qualifies for limitation, his liability "shall not, * * * exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." It does not require that there be some fund, and it apparently contemplates that, even where the value of the owner's interest is zero dollars that shall be the measure of his liability.

In The Abbie C. Stubbs, D.C., 28 F. 719, 720, the court declared:

"When a ship-owner sends his ship to sea, so far as his liability for collisions and other losses happening through the fault of those in charge of her, and without his privity or knowledge, is concerned, he puts at risk only his ship, the expense of navigating her, and the freight she may earn on the voyage. His responsibility is limited to the capital embarked in the adventure, and the profit he may gain from it in the form of freight, or its equivalent. If the ship is sunk or destroyed, and no freight earned, his whole responsibility is at an end." Cf. The City of Norwich, 118 U.S. 468, 6 S.Ct. 1150, 30 L.Ed. 134.

Benedict on Admiralty states in Volume 3, at p. 342:

"While it has been said that there must always be a fund in court, or a ship in the hands of a trustee, there have been cases where a vessel on a ballast voyage, without any freight, has disappeared at sea, and the courts have taken jurisdiction of the shipowner's petition and rendered a decree thereon. In such cases, there is no fund in court; yet there is the issue whether the damage-claimants can show that the shipowner is not entitled to any limitation at all."

Claimants cite no cases, nor have I found any, where the court refused jurisdiction of a limitation proceeding because there was no fund to be distributed. In at least two instances I have found the courts have proceeded in the matter where there was no fund. The Miramar, D.C., 31 F.2d 767; The Hewitt, D.C., 284 F. 911, 1923 A.M.C. 89.

■ In Black Diamond S. S. Corp. v. Robert Stewart & Sons, 336 U.S. 386, at page 393, 69 S.Ct. 622, at page 626, 93 L.Ed. 754, the court cited with approval the case of Providence & New York S. S. Co. v. Hill Mfg. Co., 109 U.S. 578, at page 594, 3 S.Ct. 379, 27 L.Ed. 1038, wherein it stated:

" 'Unless some proceeding of this kind were adopted which should bring all the parties interested into one litigation, and all the claimants into concourse for a pro rata distribution of the common fund, it is manifest that in most cases the benefits of the act could never be realized. Cases might occur, it is true, in which the shipowners could avail themselves of those benefits, by way of defence alone, as where both ship and freight are totally lost, so that the owners are relieved from all liability whatever. But even in that case, in the absence of a remedy by which they could obtain a decree of exemption as to all claimants, they would be liable to a diversity of suits, brought, perhaps, in different states, after long periods of time, when the witnesses have been dispersed, and issuing in contrary results before different tribunals; * * *.' "

The court there recognized the desirability of maintaining the limitation proceeding and the claims arising therein in the admiralty court, even in the absence of a fund. The Limited Liability Act "was designed to induce the heavy financial commitments the shipping industry requires by mitigating the threat of a multitude of suits and the hazards of vast, unlimited liability as a result of maritime disaster." Maryland Casualty Co. v. Cushing, 347 U.S. 409, 414, 74 S. Ct. 608, 611. That policy will be effectuated, in the case at bar, by retaining jurisdiction of the proceedings in the admiralty court.

■ Claimants rely on Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L. Ed. 520; Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212, and cases following those decisions, which allowed claim to be brought in the state court. E.g. Petition of Red Star Barge Line, Inc., 2 Cir., 1947, 160 F.2d 436; Petition of Moran Transportation Co., 2 Cir., 1950, 185 F.2d 386. However, those cases involved single claim situations and

they do not govern here, where at least six claims are threatened. Claimants also rely upon Curtis Bay Towing Co. v. Tug Kevin Moran, 2 Cir., 1947, 159 F.2d 273, and Petition of Texas Co., 2 Cir., 213 F.2d 479. In those cases the right to a concourse was denied and the injunctions against suits in the state courts were vacated because the fund to be distributed was in excess of the claims, and the limitation principle did not apply. Petition of Texas Co., supra, distinguished Maryland Casualty Company v. Cushing, supra, because in the Maryland Casualty case an inadequate fund was involved. In Black Diamond S. S. Corp. v. Robert Stewart & Sons, supra, the court distinguished the Curtis Bay Towing Company decision, stating 336 U.S. at page 393, 69 S.Ct. at page 626:

"Since the total amount of all potential claims in each case was only a fraction of that limit, the fund available for their satisfaction was more than ample. There was no reason, therefore, for permitting the petitioners to invoke a forum concursus. But where, as here, the total amount of potential claims exceeds the fund available for their satisfaction, * * * there exists just such a situation as R.S. § 4285 was designed to meet."

Where the fund does not exceed the claims, the heart of the limitation provisions is a "concursus of all claims to ensure the prompt and economical disposition of controversies in which there are often a multitude of claimants." Maryland Casualty Company v. Cushing, supra, 347 U.S. at page 415, 74 S.Ct. at page 611.

A further argument urged by claimants is that since, if their claims should be established, the owner could not limit his liability, this court ought to relinquish jurisdiction of these claims. This argument is patently fallacious and was disposed of in In re Whitelaw, D.C., 71 F. 733, where the court stated at page 738:

"* * * that is precisely one of the questions which the district court is to determine. It is the very proposition which must first be settled in order to decide whether the owners are entitled to a limitation of their liability or not."

In a situation similar to the case at bar, in a limitation proceeding the court found no unseaworthiness and exonerated the owner. The Ariel, D.C., 33 F. Supp. 573, affirmed 2 Cir., 1941, 119 F.2d 866. This issue is one to be tried in this limitation proceeding.

The motion to dismiss the petition or, in the alternative to vacate the injunction against suits in the state court is denied.

Rule 51 permits the court, for cause shown, to enlarge the time for filing claims. Since there has been a delay in arranging the administration of the estates of the decedents I believe that cause is shown. Petitioner consents to an extension. Therefore, the time for filing claims in this proceeding will be extended until thirty days from the date of this opinion, renewable, if necessary, with permission of the court.

Settle order on notice.