**STAR BRICK CORPORATION, Petitioner-Appellee,**

v.

**Oscar JOHNSON, Claimant-Appellant.**

**No. 202, Docket 25397.**

United States Court of Appeals
Second Circuit.

Argued Dec. 9, 1958.

Decided Jan. 5, 1959.

Harry D. Graham, New York City, for claimant-appellant.

Christopher E. Heckman, of Foley & Martin, New York City (Edward J. Ryan, of Foley & Martin, New York City, on the brief), for petitioner-appellee.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

CLARK, Chief Judge.

These are appeals from the grant of the usual order restraining the prosecution of suits against a petitioner for exemption from or limitation of liability under 46 U.S.C. §§ 183 et seq., and from the refusal to vacate the order thus made on motion of a claimant. Petitioner-appellee questions the timeliness of the appeal from the first order, but we shall not stop to consider this because the second appeal raises all the pertinent issues between the parties and is clearly timely. These orders permit the petitioner, Star Brick Corporation, to allege that it is not the owner—or the charterer deemed owner pursuant to 46 U.S.C. § 186—of the barge Rhinestone, or alternatively that if the contrary allegations of the claimant Johnson are proven it may then claim the benefit of the limitation statute. Johnson, the Rhinestone's bargee who is seeking damages for personal injuries sustained on shipboard in an action in the state courts, appeals, asserting that petitioner must confess such ownership and the presence of a *res* in the district before the district court can have jurisdiction to limit liability.

■ We think the district court was correct in its ruling. As Judge Ryan points out, alternative or hypothetical pleadings are expressly permitted by Rule 8(e) of the civil rules, now so generally accepted as models in admiralty. See Val Marine Corp. v. Costas, 2 Cir., 256 F.2d 911, 913, 915, and cases there cited. Petitioner's alternative claims are reasonably to be made; and since the statute, 46 U.S.C. § 185, was amended in 1936 to require filing of a petition within six months of written notice of claim, this procedure is necessary lest petitioner be unfairly deprived of its rights. It is common practice to accept petitions without any actual *res,* as where a vessel has sunk. In re Petition of Wood, 2 Cir.,

230 F.2d 197, affirming D.C.S.D.N.Y., 124 F.Supp. 540. The case of E. I. du Pont de Nemours & Co. v. Bentley, 2 Cir., 19 F.2d 354, deals only with the necessary charter provisions to satisfy the statute and does not touch the propriety of alternative pleading. Johnson himself has had the benefit of alternative allegations, since he has sued jointly both the petitioner and another shipowner—who concedes ownership in the state action as well as in a separately pending limitation proceeding below. Thus reason and justice sustain the result reached herein.

■ Johnson raises a further question as to the stipulation properly to be required of him if he is to be permitted to adjudicate the amount of his claim in the state action as authorized by, e. g., George J. Waldie Towing Co. v. Ricca, 2 Cir., 227 F.2d 900, and Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246. Thus the trial court in its memorandum opinion provided for the stay against continuance of the state court action to remain only until he had filed "the usual stipulation." His counsel then presented a proposed order—followed in substance by the judge—which contained stipulations now asserted to be overdrastic. Appellee agrees, but expresses a continuing willingness for the elimination of the provisions to which exception is taken. Stipulations that the admiralty court has jurisdiction to determine the claim to limitation or exoneration and that claimant waives any claim of *res judicata* on these issues from the state court judgment are necessary; but other provisions such as that claimant will not offer evidence in the state court challenging the seaworthiness of the barge should be eliminated. But since appellant induced this result, the normal award of costs on affirmance should not be disturbed. The order below of October 22, 1958, is therefore modified by elimination of the paragraphs marked "3" and "4" and, as so modified, is affirmed, with costs to the petitioner-appellee.