## EX PARTE THOMAS F. HUDSON.

The applicant, on the 20th of April, 1863, received a certificate of exemption from military service, from the Enrolling Officer of Burleson County, as a stock raiser, under the act of Congress of October 11th, 1862. There was an entry on the books of the enrolling officer, of the above date, containing the name, description, and occupation of applicant. On or about the 25th or 29th of July, 1864, the enrolling officer sent applicant a written order, to report to the camp of instruction near Houston, in five days, which order applicant disobeyed. On the 1st of August, 1864, applicant was elected to the office of Justice of the Peace, and duly qualified as such. Writ issued Nov. 8th, 1864. *Held*, that applicant must be discharged from the custody of the enrolling officer.

A certificate from an enrolling officer, certifying that a party is exempt from military duty as a stock raiser, is an absolute exemption under the act of Congress of October 11th, 1862 ; and a party, holding such a certificate, is qualified to be elected to, and hold office under the State.

Ex parte Foster, page 27, cited and affirmed.

A written notice, standing alone, as a single act, sent by an enrolling officer to a party, to report to a camp of instruction—the party not having been regularly enrolled—no authority having been exercised over him as a conscript,—nor attempted to be exercised, nor any notice given him of the assumption of any such authority—is not sufficient to change the status of a citizen to that of a soldier.*

The election of a party to the office of Justice of the Peace, prior to his enrollment as a conscript, constitutes an exemption from military service.

*See Ex Parte W. A. Winnard, page 20.

E

Appeal from Burleson. Tried below, before the Hon. JAMES E. SHEPARD.

J. D. *Giddings*, for appellant.

*Attorney General*, for appellee.

ROBERTS, C. J., delivered the opinion of the Court.

Judgment reversed and applicant discharged.