## THE JAMES HORAN.

### In re WARNER–QUINLAN CO.

District Court, D. New Jersey.
March 18, 1935.

See, also, 10 F. Supp. 28.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J. (Thomas G. Haight, of Jersey City, N. J., and Chauncey I. Clark and William J. Dean, both of New York City, of counsel), for petitioner.

Arthur T. Vanderbilt, of Newark, N. J., for claimants Swan-Finch Oil Corporation and Standard Oil Company of New Jersey.

FORMAN, District Judge.

This case is before the court now on argument to settle the decree in accordance with the decision of the court to dismiss the petition of the Warner-Quinlan Company to limit liability for losses caused by its negligence in handling its chartered barge, the James Horan.

Usually, proceedings under the act limiting the liability of owners of vessels (section 4282 et seq. of the Revised Statutes, 46 USCA § 182 et seq.) have been instituted either before suits for damages for losses have been commenced or while such suits were pending. In such cases the rule is settled that on the filing of the petition to limit liability the prosecution of all suits against the owners in respect to the claims will be restrained. Rule 51, Admiralty Rules of the Supreme Court, 28 USCA § 723.

The practice in these cases is set out in Rules 51–55, 28 USCA § 723. Those rules contemplate in the proceeding the proof of all claims and the making of such defenses as the owners choose in contesting their liability for the losses. Moreover, it is established that the admiralty court, having taken jurisdiction to limit liability and having brought all claimants into concourse, will give complete relief and determine all

matters relating to the subject. Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612; Spencer Kellogg & Sons v. Hicks, 285 U. S. 502, 52 S. Ct. 450, 76 L. Ed. 903.

But in this case the petition to limit the liability of the petitioner was not brought before the District Court until after the claimants had adjudicated their claims against the petitioner in a common-law court of the state of New Jersey and obtained judgment against the petitioner.

When the petition was filed, the claimants had a judgment which had been approved by the court of last resort in the state of New Jersey. This judgment resulted from an adjudication of the rights of the parties concerning the only losses for which the petitioner sought to limit its liability.

If it had wished to have the admiralty court of the United States to grant complete relief, the petitioner might have filed its petition prior to or while the suits of the claimants were pending in the common-law courts of the state. Now the petitioner has received all that it is entitled by its petition to limit liability; viz., a determination by the court that it was not within the terms of the act. But the petitioner apparently believed that it had the right to try its liability for the losses again in this court; and, even on the informal argument to settle the decree, it asserts that this court should maintain its jurisdiction for some further proceedings before complete relief will have been given.

It is well to keep in mind the fact that the claimant's right of action has been adjudicated finally and that the conclusion of this court as to the limitation proceedings brings the whole matter to an end so far as this court is concerned.

The petitioner has brought a number of cases to the attention of the court to support its argument that the order restraining the prosecution of other proceedings relating to the subject-matter should be continued until the appellate courts have disposed of the case. These cases support the general proposition that the proceeding to limit liability is exclusive and affords complete relief when the jurisdiction of the court once attaches.

No one would question the express direction of the statute and rule 51 in regard to the issuing of an order to restrain the further prosecution of all and any suits against the owner in respect of any such claims.

Richardson v. Harmon, 222 U. S. 96, 32 S. Ct. 27, 56 L. Ed. 110.

It is true, as the petitioner contends, that it is the practice of the courts of admiralty to adjudicate all the claims in concourse even after the denial of limitation of liability. Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612; Spencer Kellogg & Sons v. Hicks, 285 U. S. 502, 52 S. Ct. 450, 76 L. Ed. 903. In the Hartford Accident & Indemnity Co. Case, supra, at page 217 of 273 U. S., 47 S. Ct. 357, 359, the court said: "The jurisdiction of the admiralty court attaches in rem and in personam by reason of the custody of the res put by the petitioner into its hands. The court of admiralty, in working out its jurisdiction, acquires the right to marshal all claims, whether of strictly admiralty origin or not, and to give effect to them by the apportionment of the res and by judgment in personam against the owners, so far as the court may decree. It would be most inequitable if parties and claimants brought in against their will, and prevented from establishing their claims in other courts, should be unable to perfect a remedy in this proceeding promptly, and should be delayed, until after the possible insolvency of the petitioner, to seek a complete remedy in another court, solely because the owner cannot make his case of personal immunity. Benedict's Admiralty (5th Ed.) 488."

The petitioner contends that those rulings are apt in this case, and cites The San Pedro (Metropolitan Redwood Lumber Co. v. Doe) 223 U. S. 365, 32 S. Ct. 275, 56 L. Ed. 473, Ann. Cas. 1913D, 1221, to show that this court should dispose of the whole case even though the claimants have obtained judgments or decrees. There really seems to be very little to argue about, for it is too obvious that in this case there is nothing left to be disposed of by the court. The single factor that stands out is that the claimants here had adjudicated their claims prior to the time that the petitioner filed the petition to limit liability. The San Pedro (Metropolitan Redwood Lumber Co. v. Doe), supra, is not a precedent for the practice petitioner seeks to innovate. There, a claimant had obtained a decree for damages in an independent libel proceeding against the owner of a vessel while its petition to limit liability was pending in the same court. The Supreme Court held that the independent suit should have been stayed regardless of whether or not an express order was issued,

since the jurisdiction of the court under the petition was exclusive and its nature and the monition had the effect of a statutory injunction.

■ After the entry of its decree in this proceeding, the power of the court in regard to it is at an end. Dowdell v. United States District Court, 139 F. 444 (C. C. A. 9). The petitioner may protect itself for the purpose of appeal in the usual way by furnishing security. The practice is set out in rule 28 of the Admiralty Rules of this court (28 USCA § 723). Moreover, the petitioner may ask the Court of Appeals to stay execution, if it chooses. Rule 55, Supreme Court Rules in Admiralty (28 USCA § 723).

This court is not attempting to circumvent the "trial de novo" in the Circuit Court of Appeals. Its decree is the one that it is of the opinion that it is entitled lawfully to make. Liverpool, Brazil & River Plate Steam Navigation Co., 57 F.(2d) 176 (C. C. A. 2); The Mamie, 110 U. S. 742, 4 S. Ct. 194, 28 L. Ed. 312; Benedict on Admiralty, § 488.

Claimants may enter the form of decree which they have offered.