In the Matter of the Complaint of PACIFIC FAR EAST LINE, INC., a corporation, For Exoneration From or Limitation of Liability as Owner of the American Flag STEAMSHIP GUAM BEAR.

No. 47077.

United States District Court
N. D. California.
Dec. 4, 1967.

284

Cecil F. Poole, U. S. Atty., John F. Meadows, Attorney in Charge, West Coast Office, Admiralty and Shipping Section, Gerald A. Falbo, Attorney, Admiralty and Shipping Section, U. S. Dept. of Justice, San Francisco, Cal., for claimant United States.

John Hays, William K. Mordock, Jr., George L. Waddell, Dorr, Cooper & Hays, San Francisco, Cal., for plaintiff Pacific Far East Line, Inc.

ZIRPOLI, Judge.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE ORDER ENJOINING PROSECUTION OF ACTIONS OUTSIDE THE LIMITATION PROCEEDING

In its motion to vacate in part the order of this court of May 15, 1967, enjoining the prosecution of actions outside the limitation proceeding, and in particular the case of United States of America v. Pacific Far East Line, No. 20–67, pending in the District Court of Guam, the United States of America contends that the said order secured by the plaintiff pursuant to Supplemental Rule F(3) of the Supplemental Rules

for Certain Admiralty and Maritime Claims enjoining the prosecution of actions outside the limitation proceeding is invalid because plaintiff failed to comply with the provisions of Fed.R.Civ. P. 65 governing applications for injunctions. It is argued that the form in which said Supplemental Rules were adopted makes Fed.R.Civ.P. 65, providing for notice and maximum ten days' duration of restraining orders, applicable.

■ As plaintiff properly asserts, this contention of the Government is without merit because:

(a) In the first place, Fed.R.Civ.P. 65 is directed by its own terms only to *"preliminary* injunctions" (subdivision (a)) and *"temporary* restraining orders" (subdivision (b)). (Emphasis supplied.) A Supplementary Rule F(3) order is neither "preliminary" nor "temporary". It is an order having the permanence and finality required by the statutory mandate in 46 U.S.C. § 815 that

Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question *shall cease.* (Emphasis supplied)

and the complementary provision in the first sentence of Supplemental Rule F(3) that

Upon compliance by the owner with the requirements of subdivision 1 of this Rule, all claims and proceedings against the owner or his property with respect to the matter in question *shall cease. On application* of the *plaintiff* the court *shall enjoin* the further prosecution of any action or proceeding against the plaintiff or his property with respect to any claim subject to limitation in the action. (Emphasis supplied)

■ Furthermore, preliminary injunctions and temporary restraining orders are by nature discretionary with the court (Moore's Federal Practice, Vol. 7, Sec. 65.04[2]), whereas the Rule F(3) order is mandatory ("[o]n application of the plaintiff the court *shall* enjoin * * *."). In short, the mandatory order directed by 46 U.S.C. § 815 and Rule F(3) is something quite different than that regulated by Fed.R.Civ.P. 65.

■ (b) In the second place, Supplemental Rule A provides that the general [Federal] Rules of Civil Procedure are applicable to admiralty cases, "except to the extent that they are *inconsistent* with these Supplemental Rules." And as already noted, the provisions of Fed.R.Civ. P. 65 for notice, maximum ten days' duration, a showing of "irreparable injury", etc., are "inconsistent" with a Rule F(3) order. In fact, a Rule F(3) order is so much a mere formality as to be in actuality quite unnecessary to accomplish the purpose of which it speaks. As the Supreme Court said in The San Pedro, 223 U.S. 365, 32 S.Ct. 275, 276, 56 L.Ed. 473, "The very nature of the proceeding * * * has the effect of a statutory injunction." See also the Sixth Edition of Benedict on Admiralty, Volume 3, Section 516.

■ A further inconsistency lies in the fact that the Rule F(3) order operates with respect to suits which have not even been filed and claims which have not even been heard of. Fed.R. Civ.P. 65 is impossible of application to such a situation.

In light of the foregoing, the court agrees completely with plaintiff's observation that to apply Fed.R.Civ.P. 65 to limitation proceedings, involving as they can hundreds of claimants of all kinds and descriptions—known and unknown— some represented by counsel and some not—some local and some abroad—would be folly.*

* The court notes that the Supplemental F(3) Rule practice and order of which the United States of America now com- plains was in fact followed and caused to be entered by the United States of America itself, represented by the Ad-

The other objections to the court's order raised by the United States of America are premature in that they raise issues of fact which cannot properly be decided on the state of pleadings and the record before the court at this time.

The motion to vacate in part the aforesaid order of May 15, 1967 is hereby denied.

miralty and Shipping Section of the Department of Justice, in a case filed in this very court on July 3, 1967, about a month after the plaintiff's instant Limitation Complaint was filed. In that case, Civil No. 47381, *"In the Matter of the Complaint of the United States of America for Exoneration From or Limitation of Liability as Owner of Coast Guard Vessel CG 40427"*, the usual Rule F(3) injunction was obtained on *ex parte* application to a judge of this court, without notice to anyone, despite the fact that the complaint shows that numerous separate claims, each represented by an attorney whose address is given, were known to exist at the time.