Dorothy S. McKEITHEN, Individually and on behalf of her Deceased husband, Charles F. McKeithen

v.

The S.S. FROSTA and the M/V GEORGE PRINCE, et al.

In the Matter of A/S. J. LUDWIG MO-WINKELS REDERI, as owner of the M/V FROSTA, Petitioning for exoneration from or limitation of liability.

In the Matter of the DEPARTMENT OF HIGHWAYS, STATE OF LOUISIANA, ex rel. William J. GUSTE, Jr., Attorney General, as Owner of the M/V GEORGE PRINCE, Petitioning for exoneration from or Limitation of Liability.

Civ. A. Nos. 76–3251, 76–3275 and 76–3654.

United States District Court, E. D. Louisiana.

Jan. 19, 1977.

Koerner, Babst & Lambert, Louis R. Koerner, Jr., Hugh P. Lambert, New Orleans, La., for Mrs. Dorothy McKeithen.

Curtis, Foster, Hyde & Mooney, Francis J. Mooney, Jr., New Orleans, La., for NO–BR Steamship Pilots Assoc. & Nicholas F. Colombo.

Montgomery, Barnett, Brown & Read, Henry J. Read, Jones, Walker, Waechter, Poitevent Carrere & Denegre, John R. Peters, Jr., co-counsel, New Orleans, La., for Highway Dept. in No. 76–3654.

Warren E. Mouledoux, 1st Asst. Atty. Gen., Louis M. Jones, Donald Ensenat, Asst. Attys. Gen., New Orleans, La., Ronald R. Thompson, Asst. General Counsel, Dept. of Hwys., State of Louisiana, Baton Rouge, La., for plaintiffs in No. 76–3654.

Ungar, Dulitz, Jacobs & Manuel, David J. Kain, New Orleans, La., for Vincent Pardo.

Martzell & Montero, Charles W. Dittmer, Jr., New Orleans, La., for Beverly Hall and Mr. & Mrs. William E. Ford.

Don R. Riddle, Houston, Tex., for Brenda and Christopher Gast.

Charles R. Maloney, New Orleans, La., for Richard Wanko, Mrs. Wanko and Elizabeth Smith.

Darryl J. Tschirn, Metairie, La., Thomas S. Keaty, New Orleans, La., for Benjamin F. Pape, Sr.

Daniel E. Becnel, Jr., Reserve, La., for Linda Smith, Kim Parker Clement, Janice B. Barreca, Laevon Steve Poole, Schexnayder, Hymel, Duke and Maisle Keating Avadie.

William A. Summers, III, Metairie, La., for Lucille Smith, Herman Eugene Charlietta Williams.

Alfred E. McCaleb, III, Baton Rouge, La., for Mrs. Brenda Gast.

Harold S. Bartholomew, Metairie, La., for Janice Collins and Suyapa Dermody.

Leonard H. Rubenstein, New Orleans, La., for Mrs. Ann Masters Hastings.

James E. Kuhn, Denham Springs, La., for Elsie Anthony Gehegan, Robert Malcolm Jones, Sr., and Maxine Harroll Gehegan.

Joel T. Chaisson, Destrehan, La., for Kenneth J. Becnel and Janet F. Soileau Songy, and T & J Services.

Robert L. Huskey, Manchester, Tenn., for Margaret Hastings Van Oostrum and Wm. Quarles.

Walter E. Hollin, Metairie, La., for Mrs. Margie Suggs Snyder.

Stephen G. Sklambra, New Orleans, La., for Sylvia Durie Davis Billy Rex Williamson.

Sessions, Fisman, Rosenson, Snellings & Boisfontaine, Walter C. Thompson, Jr., New Orleans, La., for Wanda Zito Auleta.

John F. Fox, Jr., New Orleans La., for James O. Stewart and Joan B. Stewart.

Gordon W. Matheny, Hammond, La., for Sandra Schafer.

H. Alva Brumfield, III, Baton Rouge, La., for Eula Mae Monistere and Patricia Darlene Fabre Wheat.

Steven F. Griffith, Sr., Destrehan, La., for Patsy Beasley, Elainse Beasley Rogers, and Oswald and Emma Schexnayder.

Marvin L. Jeffers, Baton Rouge, La., for George F. Pritchett, Jr.

Charles R. Maloney, New Orleans, La., for William Alfred Quarles and Elizabeth Smith.

Eldon E. Fallon, New Orleans, La., for Herbert H. Minor, Daisy Minor Marts, and Richard Cobb, Sr.

Philip T. Hager, New Orleans, La., for Elizabeth Hills.

Grady C. Weeks, Houma, La., for Linda Ford.

Eldon S. Fallon, New Orleans, La., for Deborah Quarles.

Chester A. Eggleston, New Orleans, La., for Clara Allen.

Kent Satterlee, Jr., New Orleans, La., for Mrs. Vera Newton and Ellen Green.

W. K. Christovich, New Orleans, La., for Highlands Ins. Co.

Gothard J. Reck, New Orleans, La., for Mr. and Mrs. Ivan J. Pontiff and Barry J. Neyrey.

James H. Morrison, Hammond, La., for Holly Basso and Mrs. Delma Anthony Hughes.

Glenn J. Theriot, Hammond, La., for Ruby Nicolosi.

J. Thomas Nelson, New Orleans, La., for Helen White.

Robert J. Mack, Hammond, La., for Betty Rodriguez.

Vincent C. Cuccia, Metairie, La., David M. Smill, Harahan, La., for Cathy Lyons Balest and Cheri Lyons Balest.

Talbot, Sotile & Carmouche, Donaldsville, La., for Brian Broussard.

George & George, Baton Rouge, La., for Brian Broussard and David Broussard.

Crawford, Lambert & Goldsmith, Gonzales, La., for David Broussard.

Oswald A. DeCuir, New Iberia, La., for Tiny H. Harris.

Gipson, Gipson & Williamson, Meridian, Miss., for Tiny H. Harris, Barbara and Betty Harris.

Randy J. Ungar, New Orleans, La., for George Lingo.

William H. Roundtree, Cocoa, Fla., for Lucille Hodges.

Harold E. Kytle, Kenner, La., for Dan L. McLendon.

Benjamin J. Birdsall, Jr., New Orleans, La., for Virginia A. Pontiff.

Robert E. Tillery, Baton Rouge, La., for Margaret Dobson.

Samuel W. Ethridge, Kenner, La., for Teresa Fuller.

Philip J. Foto, New Orleans, La., for Mary Johnson.

John A. Shea, New Orleans, La., for Carliss Moore.

Taylor & Raggio, Baton Rouge, La., for Cathy Goldston.

James E. Blazek, New Orleans, La., for Rhonda LeBlanc and Jennifer Schexnayder.

Normand F. Pizza, New Orleans, La., for Richard A. Respass.

John T. Keys, Jr., Metairie, La., for D & H Trucking, Inc. and Charles Fisher.

Michael E. Wanek, New Orleans, La., for Jonathan E. Harris.

Paul J. Galuszka, New Orleans, La., for Janet Moore Marts.

Ronald Tanet, New Orleans, La., for Viola Fenroy.

Francis J. Mooney, Jr., Curtis, Foster, Hyde and Mooney, New Orleans, La., for NO–BR Steamship Pilots Assoc. Nos. 76–3654 and 76–3275.

Gerald Leydecker, New Orleans, La., for Brenda Williams Clayton Lawson.

Sidney D. Torres, III, Chalmette, La., for Richard Wanko.

James C. Murphy, Jr., New Orleans, La., for Southeastern Ins.

James S. Thompson, New Orleans, La., for State Farm Mutual.

Salvador E. Gutierrez, Jr., New Orleans, La., for Alvin Eugene, Georgiana Eugene, Mrs. Doris Anderson, Elvera Roberts Brown, Mrs. Marilyn Gail Mitchell Breaux.

Clyde A. Ramirez, Douglas St. Romain, New Orleans, La., for Odile Charles, Willie Mae Charles, Henrietta Williams, Aline Williams, Leona Washington.

Wendell H. Gauthier, New Orleans, La., for Ruby Johnson Dright.

A. C. Powell, III, Hammond, La., for Ruby Kirkland Nicolosi.

Paul A. Bonin, New Orleans, La., for Magaly Bodden.

C. William Bradley, Jr., Edgard, La., for Mary Lee Breaux.

Terrel J. Broussard, New Orleans, La., for Elwin David Randle.

Frederick J. Gisevius, Jr., New Orleans, La., Thomas W. Sanford, Jackson, Miss., for Mrs. Nilwon Boone Holmes.

James A. George, Baton Rouge, La., for Benny Hollie in No. 76–3654 and Carter, Willie and Pape in No. 76–3275.

A. Remy Fransen, Jr., New Orleans, La., for Kathleen Hecker.

William J. Jefferson, New Orleans, La., for Edgar Joe Holmes, Anthony Breaux, Anita Poole Stadler, Hollis R. Hodges, Michael N. Webre, Jerry M. Brown, Jr., Terry E. Norton, Melvin Dright, Jr., Ronald Wolfe.

George P. Webre, Metairie, La., for Leverne Randle.

Robert N. Clarke, Westwego, La., for Lynn Lyons Pearson.

Perrin C. Butler, New Orleans, La., for Barbara Ann Guerra and Charles C. Chatelain.

Dan C. Garner, New Orleans, La., for Sharon Claudette Michelli.

Terriberry, Carroll, Yancey & Farrell, Benjamin W. Yancey, Walter Carroll, Jr., for J. Ludwig Mowinkels Rederi, owner of the M/T Frosta.

Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Eldon F. Fallon, New Orleans, La., for Daisy Minor Marts and Herbert H. Minor and Richard Cobb, Sr.

Gerald R. Kehoe, River Ridge, La., for Mary Lightsey.

Walter E. Kollin, Metairie, La., for Margie Suggs Snyder.

Bernard J. Bagert, Jr., New Orleans, La., for Elizabeth Smith and Wm. Quarles.

Don M. Arata, Bogalusa, La., for Mrs. Joyce H. McKeithen.

A. Remy Fransen, Jr., New Orleans, La., for Kathleen Hecker.

Norman Mopsik, New Orleans, La., for Josephine Rein Mixon.

Nigel Rafferty, Monroe & Lemann, New Orleans, La., for Southern American Insurance Co.

**ALVIN B. RUBIN, District Judge:**

This order delineates the role of the Plaintiff Discovery and Trial Committee in the litigation arising from the tragic October 20, 1976, collision between the Norwegian tanker, the M/T Frosta, and the Luling-Destrehan ferry, the M/V George Prince, in which 78 commuters lost their lives and others suffered bodily injury.

Within hours of the collision, Dorothy S. McKeithen, a survivor of one of the deceased commuters, filed suit in this court seeking damages for the wrongful death of her husband and a maritime lien against the two vessels. On October.22, J. Ludwig Mowinkels Rederi, owner of the M/T Frosta, petitioned this court for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 181–189 and Rule F. Fed.R.Civ.P.[1] On November 22, the Department of Highways of the State of Louisiana filed a similar complaint as owner of the M/V George Prince. Upon receipt of these complaints, the court enjoined the filing of any actions against the vessels and their owners.[2] In accord with *Olympic Towing Co. v. Nebel Towing Co.*, 5th Cir. 1969, 419 F.2d 230, cert. denied, 397 U.S. 989, 90 S.Ct. 1120, 25 L.Ed.2d 396, direct actions against the un-

---

1. The preamble to Rule F(1) reads:
   > Not later than six months after his receipt of a claim in writing, any vessel owner may file a complaint for limitation of liability pursuant to statute.

   Although it is uncertain whether "receipt of a claim in writing" preconditions the filing a limitation suit, see Gilmore & Black, The Law of Admiralty, 860 (2d ed. 1974), if it does, the McKeithen suit would satisfy that requirement.

2. In general the Limitation Act permits the owner to limit his liability against all claims that arise from the operation of the ship. *The San Pedro*, 1912, 223 U.S. 365, 32 S.Ct. 275, 56

L.Ed. 473; *Gilmore & Black*, supra, 846, note 45. The fundamental condition of the right to limitation is that the owner lacked privity or knowledge of the cause of the loss, damage, injury or death. 46 U.S.C. § 185.

Where, as here, a multiplicity of claims stemming from a maritime catastrophe in the aggregate exceed the liability of the owner under the Limitation Act, the owner has a right to localize proceedings as against the plaintiff-claimants' rights to an alternative forum under the saving to suitors clause. *Pershing Auto Rentals Inc. v. Gaffney*, 5th Cir. 1960, 279 F.2d 546; *Gilmore & Black*, supra., at 862.

derwriters filed in the United States District Court for the Eastern District of Louisiana have been excepted from the restraining orders. The court set December 27, 1976 as the last date for filing answers to the limitation complaints. Subsequently, this deadline was extended to January 12, 1977, and by January 5, 1977, 83 claims had been asserted.

This is the fourth [3] order issued by this Court charting the course to be followed in steering this litigation to its ultimate destination. The first order, which is attached as an Appendix to this opinion, resulted from a conference-hearing, held on December 10, 1976, and open to the public and all counsel interested in attending. [4] The court urged the plaintiffs and two defense interests to each designate a Discovery and Trial Committee. [5] This order delineates the parameters of the Plaintiff Committee's duties and responsibilities, the procedure for funding the costs of fulfilling these duties, and the basis for equitably compensating committee members for their services.

Historically, courts having equity jurisdiction have had the power to assess attorney's fees. In *Spargue v. Ticonic National Bank*, 1939, 307 U.S. 161, 166–167, 59 S.Ct. 777, 780, 83 L.Ed. 1184, Justice Frankfurter observed:

> . . . Plainly the foundation for the historic practice of granting reimbursement for the costs of litigation other than

the conventional taxable costs is part of the original authority of the chancellor to do equity in a particular situation. Whether one professes to sue representatively or formally makes a fund available for others may, of course, be a relevant circumstance in making the fund liable for his costs in producing it.

See also, *Mills v. Electric Auto-Lite Co.*, 1970, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593.

An admiralty court clearly possesses such equitable powers. [6] Justice Story asserted over a century ago: "A court of admiralty is, as to all matters falling within its jurisdiction, a court of equity. Its hands are not tied up by the rigid and technical rules of the common law, but it administers justice upon the large and liberal principles of courts which exercise a general equity jurisdiction." The David Pratt, D.Maine 1839, 7 Fed.Case No. 3,597, p. 22. The Fifth Circuit has more recently expressed a similar view: "The Chancellor is no longer fixed to the woolsack. He may stride the quarter-deck of maritime jurisprudence and, in the role of admiralty judge, dispense as would his landlocked brother, that which equity and good conscience impels." *Compania Anonima Venezloana De Navegacion v. A. J. Perez Export Co.*, 5th Cir. 1962, 303 F.2d 692, 699; See also, *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 5th Cir. 1963, 313 F.2d 359; *Hadjipateras v. Pacifica, S.A.*, 5th Cir. 1961, 290 F.2d 697.

---

**3.** Order 1 is set forth as Appendix A to this opinion. Order 2, issued on December 15, 1976, appointed counsel to represent potential claimants who have not entered an appearance until such a time as these persons enter an appearance through counsel of their own selection or otherwise indicate that they do not wish to be represented. Order 3, issued on January 10, 1977, resulting from the first conference between the various trial committees is set forth as the Appendix B to this decision.

**4.** Sixty-eight counsel registered their appearance.

**5.** Although this court has the authority to specify which counsel will comprise such a committee, *Rando v. Luckenbach Steanship Co.*, E.D. N.Y.1960, 25 F.R.D 483, it left that choice to the plaintiff lawyers at large, and in the case of

the two defense interests, to the respective attorneys representing those interests.

**6.** In *The Trident*, 1839, 1 W.Rob. 29, 35, Judge Lushington declared that the Admiralty Court "sits as a Court of Equity," and later proclaimed, "if a Court of Equity would relieve, and a Court of Law could not, . . . it would be my duty to afford . . . relief . . . The jurisdiction which I exercise is an equitable as well as a legal jurisdiction. *The Harriet*, 1841, 1 W.Rob. 182, 192. According to Wiswall, The Development of Admiralty Jurisdiction and Practice, 1970, at 72, Dr. Lushington's views "as to the Court's equitable powers have served the Court well since it formally obtained the jurisdiction of Equity."

■ Federal courts through the exercise of equity powers may call upon a group that benefits from the litigation efforts of its members to share the costs of that litigation, including attorney's fees. This procedure has been used frequently by courts in class action suits, See 3B Moore's Federal Practice, § 23.91,[7] and in complex litigation, Manual for Complex Litigation § 1.90.[8]

■ Hence, in the interest of promoting an effective and efficient course for this litigation, the Plaintiff's Discovery and Trial Committee shall perform the following duties and have the following responsibilities and powers:

1. Conduct pretrial liability discovery on behalf of all plaintiffs who have filed a claim and are represented by counsel, such as, the drafting and filing of interrogatories, requests for admissions, requests for documents, notices of depositions and the taking of depositions of parties and witnesses and any other procedure which will advance the discovery phase of the case.

2. Initiate, brief and argue motions and, when necessary, oppose motions and proceedings initiated by any or all of the defendants with regard to pretrial liability matters.

3. Enter into stipulations with lead counsel for any or all defendants regarding matters pertaining solely to the liability phase of the case.

4. Act as spokesmen for all plaintiffs at formal pretrial or status conferences, subject to the right of any plaintiff's attorney to appear at the conference and present individual or divergent positions; and at other conferences and meetings that will advance the efficient and effective course of this litigation.

5. Prepare periodic status and progress reports and mail them to counsel for each plaintiff.

6. Maintain files of all pretrial liability discovery matters and have them available for examination by any plaintiff's attorney.

7. Collect from plaintiffs through their counsel, including claimants represented by committee members the sum of $150 per claim. With regard to the death cases, a "claim" is intended to refer to each decedent. These amounts are to be used to defray costs expended by the Committee in connection with the carrying out of the duties and responsibilities imposed on it by this order or any future orders of this Court. These funds are to be deposited in a checking account entitled "S. S. FROSTA–M/V GEORGE PRINCE Litigation Account." Each Commit-

7. According to Moore, supra., at § 23.91:

The most common case is where the plaintiff-representative in a class action . . . has created a fund in which others have a beneficial interest. In such a circumstance it is well established that the representative may recover attorney's fees and other reasonable expenses of litigation. This doctrine includes not only cases where the action is expressly brought on behalf of others, but where the effect of the suit is the same as though a fund were created.

8. According to the Manual, § 1.90:

The court should anticipate the problem which may be encountered in securing adequate reimbursement for liaison counsel for his expenses and services rendered pursuant to the order of court to the parties for whom he is appointed. It is recommended that in appropriate cases the order of appointment make provision for reimbursement of liaison counsel not only for expenses but also for such services as he may render at the request of or pursuant to the order of court. The parties will be expected to reimburse liaison counsel periodically for the expense and time involved in preparation, duplication and distribution of court orders, notices and other papers designated for distribution by liaison counsel to all parties for whom he is acting as liaison counsel, and for such other services rendered pursuant to court order in appropriate cases. Liaison counsel should periodically file in court an account of his time and expenses expended in discharge of his duties under court order and, upon direction by the court, he shall report his account to all with notice to each member for whom he acts as liaison counsel of its pro rata share of the costs, subject to review by the court at the request of any party.

tee member shall be authorized to act as a signature on the account and it shall take at least two committee members to sign each check. The Plaintiffs' Committee shall be responsible for maintaining accurate records of all disbursements. A periodic report of costs and disbursements shall be given to all plaintiffs through their counsel. If additional costs are needed, a second assessment in the same amount may be assessed from each plaintiff's counsel. If any monies remain at the termination of the case or the termination of the Committee's functions and responsibilities, whichever occurs first, all remaining monies will be returned to plaintiffs' counsel, pro rated by the number of claims that participated in the cost sharing program.

8. To cause to be issued subpoenas for all witnesses and documents for the trial of the liability phase of the case, and to conduct the trial of the liability phase of the case.

9. To marshal information and supporting documents pertaining to the damage aspect of each claim.

10. To receive on behalf of and distribute promptly to counsel for plaintiffs, notice and other documents from the court and the other parties.

At an appropriate time and after notice and hearing to all parties, the Court proposes to allow a reasonable fee to the Plaintiffs' Discovery and Trial Committee. This fee will be contingent on recovery and will be based upon all relevant circumstances, including the benefits received, services rendered and the risk factor in that the fee will be contingent on recovery. The fee will not exceed 6.7% [9] of the gross recovery in each claim, to be paid by all attorneys, including members of the Plaintiffs' Committee.

9. This figure is not arbitrary, but is based on the projection that the Committee's fees will be approximately 20% of the fee received by each

## APPENDIX A

### PRE–TRIAL ORDER NO. 1

Pursuant to notice a conference-hearing was held in open court on December 10, 1976, at 3:30 p. m. Those counsel whose names are shown on the attached list attended. After full discussion and opportunity for all persons present to be heard, the following order was adopted to control the course of pre-trial proceedings.

1. The Clerk shall maintain one file in all direct action proceedings, and other proceedings asserting claims not required to be asserted in the exoneration-limitation proceedings; this shall be identified as C.A. 76–3251 because this was the first such proceeding filed; he shall maintain another file bearing the number 76–3275, the exoneration-limitation proceedings filed on behalf of the M/V Frosta; he shall maintain a third file bearing the number 76–3654, the exoneration-limitation proceeding filed on behalf of the M/V George Prince.

2. The Clerk shall also maintain a file for each separate action.

3. Any pleading by counsel for claimants, defendants, or cross-claimants, or any other pleading asserting a claim, cross-claim, third-party claim, defense or motion that raises issues common to all actions shall be filed in 4 copies, 1 for each of the 3 basic files referred to in paragraph 1, and 1 for the judge's work file.

4. A pleading asserting a matter relevant to only one or more of the direct claims shall be filed in a sufficient number of copies for 1 copy to be filed in each of the basic files listed in paragraph one and for one copy to be filed in each particular action affected, plus 1 for the judge's work file.

attorney, and that each attorney will receive approximately 33% of their client's award.

5. In such fashion as they deem proper counsel representing claimants shall designate a discovery and trial committee to be composed of 7 counsel.

6. In such fashion as they deem proper counsel representing the Frosta interests and George Prince interests shall designate a discovery and trial committee to be composed of 3 counsel for each group of interests.

7. Counsel representing the Pilots and The Pilots Association shall have a single trial attorney.

8. The names of the members of each of the Trial Committees and Counsel thus selected will be communicated to the court as soon as possible. Each Committee may create and delegate duties to such appropriate subcommittees as it sees fit. The creation of any subcommittees and the names of the members of such Committees shall be communicated to the court as soon as possible.

9. Notices by counsel and the Clerk with respect to pleadings in any or all of the basic files shall be given to each of the Committee members designated by each group. Notices by counsel and the Clerk of matters requiring notice filed in respect to any other matter shall be given to each Committee member and, in addition, to counsel for each individual claimant.

10. The court will hold a preliminary conference with the committees at 2:00 p. m., December 14, 1976.

11. Not later than January 15, 1977, at 5:00 p. m. each committee shall propound written interrogatories and requests for documents to other parties, in the manner discussed at the conference. Answers shall be given within 30 days. If all questions cannot be answered within that time counsel will answer in part and supplement the answers as soon as possible thereafter.

12. A single Magistrate will be designated to superintend all discovery and consider all discovery motions.

13. All the trial committees will meet on February 23, 1977 at 10:00 a. m., and formulate a preliminary schedule for
   a. Further written discovery
   b. Oral depositions

14. In taking oral depositions, each committee will designate 1 lead counsel for each deposition. Other counsel may suggest questions to lead counsel. Other counsel may not ask questions until all lead counsel have finished. Supplementary questions of a non-repetitive nature may thereafter be put by other members of each committee.

15. All other discovery is stayed with the consent of counsel, subpoenas to witnesses previously issued are continued to the date agreed upon by counsel for each deposition without reissuance.

16. Pleadings previously filed in this court may be amended and additional claims may be filed in this court, and allotted to Section C, subject to any time limits fixed in the exoneration-limitation proceedings. Defendants are allowed until February 12, 1977, to respond.

17. The Pilot's Association motion to dismiss is noticed for hearing on January 19, 1977.

18. Trial will commence on October 10, 1977. One trial, on the record, will be held before both a judge and a jury. The court will resolve all issues appropriate to a court sitting in admiralty. The jury will resolve all appropriate issues in those direct action suits in which a jury trial is demanded. The same jury that determines liability, will make separate determinations of quantum in those suits in which a jury tried liability. The court will determine

quantum in all other suits. Any party objecting to this proposal may file a motion to conduct the trial in a different manner.

19. This order is subject to modification and amendment from time to time as the interests of justice may require. Counsel may seek modification or change by motion, duly noticed, in accordance with the court's standing rules.

20. The representatives of the plaintiffs have notified the Court that their Trial Committee will consist of:

Daniel E. Becnel, Jr.
Joel T. Chaisson
Eldon E. Fallon
A. Remy Fransen, Jr.
Salvador H. Gutierrez, Jr.
John R. Martzell
James A. George.

## APPENDIX B

## PRE–TRIAL ORDER NO. 3

A conference was held on December 29, 1976. Counsel were present representing the plaintiff's trial committee, the M/V Frosta interests, the George Prince interests, and the Pilot's Association interests, together with counsel representing the absent and otherwise unrepresented plaintiffs. After discussion, the following order was entered for the guidance of further proceedings herein:

1. All discovery matters are automatically referred to Magistrate Kenneth C. Hughes without the necessity of further allotment. Any motions with respect to discovery or oppositions thereto shall be filed in the record, but by means of a caption or other indication, shall be directed to Magistrate Hughes' attention. Magistrate Hughes will schedule all discovery conferences and act with respect to all discovery matters.

2. A group composed of Remy Fransen, representing the plaintiff's trial committee, Henry Read representing the George Prince trial committee, and Walter Carroll representing the M/V Frosta trial committee, will concur with respect to outlining guidelines for documentary discovery and attempting to accomplish as much documentary discovery as may be practicable without the necessity of formal proceedings.

3. In order to keep an accurate record of claimants, the correspondence and pleadings identifying claimants (other than pleadings bearing formal captions) shall identify claimants as follows:

a. If the claimant is asserting a claim in his own behalf and survived the disaster, then the claim shall be described by the name of the claimant.

b. If the claim arises from a death that occurred in or as a result of the collision, then the claim shall be described by the name of the decedent (followed by that part of the civil action number in which the claim is asserted without the year prefix, 76 or 77). If there is more than one action in which a claim is asserted with respect to a single decedent, each claim will have a subfile designation indicating the name of the particular person in whose benefit the claim is asserted.

4. Pending further order of the court, no responsive pleadings shall be required by any defendant named in any civil action that has been consolidated with these proceedings, other than pleadings in the limitation actions. This applies to the M/V Frosta interests, the George Prince interests, the Pilot's Association interests, the individual pilot, and any other individually named defendants in any consolidated civil action. However, pleadings shall be promptly filed in each of the limitation proceedings.

5. The injunction issued in the limitation proceeding provoked on behalf of the M/V Frosta is modified so that claims can be filed in the Eastern District of Louisiana, Section C, but shall remain in full force and effect as to any other litigation of any kind whatsoever. The injunction is further modified so as to exempt from its force any actions previously filed in this court, and allotted to Section C. Unless all actions

filed in any other court are dismissed by the 14th day of January 1977, then counsel for the party provoking each limitation proceeding may bring an action for contempt of the injunction by filing any such proceedings.

6. As soon as practicable, substantive and procedural motions of a general nature, such as those to determine with respect to what matters there may be a right to jury trial, the right to punitive damages, policy coverages, and the like will be brought.

7. Claims against the owners of the M/V Frosta or the George Prince, both, shall be asserted in the limitation proceedings.